UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | No. 2:17-cv-1429 AC P |
| Plaintiff, | |
| v. | ORDER |
| KALIL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff has filed both an original and amended complaint that allege different claims against different defendants and do not appear to be related. ECF Nos. 1, 6. Although an amended complaint typically replaces any previous complaints, plaintiff failed to sign the amended complaint in violation of Federal Rule of Civil Procedure 11(a). Because the original complaint is signed, and a request for screening that plaintiff submitted shortly after filing the amended complaint refers to the claims contained in the original complaint (ECF No. 7), the court will strike the first amended complaint[1] and screen the original complaint.

The complaint alleges that defendants Kalil and Spencer violated plaintiff's rights to access the courts. ECF No. 1 at 2, 5-6. Specifically, plaintiff alleges that on November 17, 2016, he "received a denial of a petition from the California Court of Appeal regarding [his] criminal conviction in case no. B278812." Id. at 5. Plaintiff submitted multiple requests to access the law library, but the librarians claimed that they did not receive them, and he was not allowed to go to the law library until after his deadline to appeal to the California Supreme Court had passed. Id. at 5-6. Plaintiff stated that he explained to the librarian that he needed access to the law library "for research, paper, envelopes, MC275 Forms (which California Rules of Court require) and

---

[1] Plaintiff is free to pursue the claims in the first amended complaint in a separate action. The court takes no position on whether such an action would be successful.

3

copies of pertinent documents which substantiated [his] claims." Id. at 6.  He further claims that defendant Spencer was the supervisor of the law library and did not properly supervise the law librarian.  Id.

IV.     Failure to State a Claim

   A. Supervisory Defendant

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983."  Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Although in his allegations against Spencer plaintiff states that he submitted numerous requests about his need to go to the law library, it is unclear whether he is claiming that those requests were submitted to Spencer or that Spencer must have been aware of them because Spencer was the supervisor.  ECF No. 1 at 6.  To the extent plaintiff is simply alleging that Spencer should have known what was going on or knew about the problems after plaintiff had already missed his deadline, he fails to state a claim against Spencer.

B. <u>Access to the Courts</u>

Inmates have a "'fundamental constitutional right of access to the courts.'" <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996) (quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977)). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id.</u> at 354 (citations omitted). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. <u>Id.</u> at 415; <u>Lewis</u>, 518 U.S. at 351. Additionally, to properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." <u>Christopher</u>, 536 U.S. at 417-18 (footnote omitted).

Although plaintiff alleges that he was denied access to the law library and missed his deadline to appeal a decision related to his criminal conviction, he had not alleged sufficient facts to state a claim against either defendant Kalil or Spencer. First, although plaintiff states that he submitted numerous requests to access the law library, he also states that "the librarians," presumably the defendants, claimed not to have received his requests. There are no allegations that the librarians' claim is untrue, making it appear that they were unaware of plaintiff's need to access the law library. More importantly, however, plaintiff has not identified the claim he was trying to pursue in his state court case, or explained what injury he suffered from not getting to present that claim. Because this information is missing, plaintiff has not stated a claim for relief and the complaint will be dismissed with leave to amend.

The court also notes that plaintiff's claims are largely against either "the librarian" or "the librarians." ECF No. 1 at 6-7. Because both defendants are identified as librarians, these allegations presumably refer to Kalil and Spencer and not some other librarians working at the prison. However, plaintiff's failure to properly identify which defendant did what makes it

5

difficult for the court to determine whether he has stated a claim for relief against either defendant. In amending the complaint, plaintiff will need to be clear about identifying which defendant did what.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. In order to state a claim for denial of access to the courts, you

need to explain what claim you were trying to bring in your state court case and how not being able to bring that claim injured you. You also need to be sure to be clear about what each defendant did or did not do that you believe violated your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make against defendants Kalil and Spencer because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.** Also, all claims brought in an amended complaint should relate to the matters raised in the original complaint in this case. Unrelated claims arising from different events belong in a separate lawsuit.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to strike the first amended complaint (ECF No. 6) from the record and to send plaintiff a copy of the first amended complaint with this order.

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE