UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br> Plaintiff, <br> v. <br> KALIL, et al., <br> Defendant. | No. 2:17-cv-01429-TLN-AC <br><br> **ORDER** |

Plaintiff Christopher Lipsey, Jr. ("Plaintiff"), a state prisoner proceeding *pro se*, initiated this civil rights action against Defendants Kalil and K. Spencer (collectively "Defendants") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the Court pursuant to Plaintiff's "Objections to Magistrate Findings" (ECF No. 19), which this Court construes as a motion for reconsideration of the Order denying his motion to transfer this action to the Sacramento County Superior Court (ECF No. 19). (*See also* ECF No. 21 (Order construing Plaintiff's "Objections" to the magistrate judge's nondispositive order as a motion for reconsideration).) For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action on July 6, 2017, in the Fresno Division of the United States District Court for the Eastern District of California, alleging that Defendants denied Plaintiff's First Amendment right of access to the courts by repeatedly denying him access to the prison's

law library. (ECF No. 1 at 1, 6.) On July 11, 2017, the Fresno Division transferred the case to the Sacramento Division of the Eastern District on its own motion. (ECF No. 3.) On October 13, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 6.) On March 13, 2019, however, the magistrate judge struck the First Amended Complaint because it asserted different claims against different defendants that did not appear to be related to the claims asserted in the Complaint, and moreover, Plaintiff failed to sign the Amended Complaint in violation of Federal Rule of Civil Procedure 11(a). (ECF No. 13 at 3.) The magistrate judge also dismissed Plaintiff's Complaint (ECF No. 1), with leave to amend. (ECF No. 13 at 5.) On April 2, 2019, Plaintiff filed a new First Amended Complaint.[1] (ECF No. 16).

On August 19, 2019, Plaintiff filed a request to transfer this action "to the state superior court with jurisdiction over cases that occur at Folsom State Prison." (ECF No. 17). Construing Plaintiff's filing as a motion for remand or transfer, the magistrate judge denied Plaintiff's motion on August 23, 2019, on the basis that the action was originally brought in this Court and the Court therefore lacked authority to remand or transfer the action. (ECF No. 18.) On September 9, 2019, Plaintiff filed the instant motion, which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). (ECF No. 19.) The Court addresses and DENIES Plaintiff's motion for the reasons stated herein.

## II. STANDARD OF LAW

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

---

[1] Plaintiff's most recent First Amended Complaint (ECF No. 16) has not yet been screened pursuant to 28 U.S.C. § 1915A, but the Court's analysis with respect to the instant motion remains the same.

2

discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n. 11 (1988)).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3)–(4); *see also Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

### III.  ANALYSIS

Although Plaintiff does not identify the legal basis for his motion, he appears to seek relief pursuant to Rule 60(b)(1). Specifically, Plaintiff argues the magistrate judge erred with respect to the Court's power to transfer the action to a state superior court. (ECF No. 19 at 2.) He asserts that, pursuant to 28 U.S.C. § 1367(d) and *Jinks v. Richland County*, 538 U.S. 456 (2003), the Court may remand the action to state court. (*Id.*) The Court is unpersuaded by Plaintiff's arguments.

First, while Rule 60(b)(1) allows the Court to correct a mistake of law, the motion for reconsideration should not raise new arguments that should have been raised in the original motion. E.D. Cal. Local Rule 230(j)(3)–(4); *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Here, Plaintiff has failed to assert any new facts or circumstances that would justify granting a motion for reconsideration. Therefore, he fails to satisfy the requirements set forth by Rule 60(b)(1) and Local Rule 230(j). For this reason alone, Plaintiff's motion must be DENIED.

Furthermore, Plaintiff's arguments are without merit. Specifically, Plaintiff's reliance on 28 U.S.C. § 1367 and *Jinks v. Richland County* is misplaced. 28 U.S.C. § 1367 pertains to the Court's ability to assert supplemental jurisdiction over other claims in actions of which the Court has original jurisdiction. 28 U.S.C. § 1367(a); *see also* 28 U.S.C. 1331 (federal question jurisdiction). Here, Plaintiff only purports to assert federal question claims and no other claims;[2] therefore, 28 U.S.C. § 1367 is inapplicable to this action. Plaintiff's reliance on *Jinks v. Richland County* is similarly flawed. In *Jinks*, the Supreme Court held that §1367(d) tolls the statute of limitations on state-law causes of action brought against municipalities, and it does not violate principles of "state sovereignty." *Jinks*, 538 U.S. at 466. Yet Plaintiff has not asserted any state-law claims or claims against a municipality; therefore, *Jinks* does not support Plaintiff's argument. Therefore, the magistrate judge properly denied Plaintiff's Motion to Remand/Transfer.

Finally, Plaintiff contends it would be "in the interest of justice" to remand the claim to state court, in order to facilitate a "speedy trial" and to remove the matter from the Court's docket. (ECF No. 19 at 2.) Plaintiff also argues that he would be unable to refile the action in state court since the statute of limitations has run on the claim. (*Id.*) Therefore, he cannot voluntarily dismiss the action in the district court and refile it in the appropriate state court. (*Id.*)

///

---

[2] The Court notes that Plaintiff's Complaint — which Plaintiff chose to file in federal court when he initiated this action — only asserted a claim pursuant to 28 U.S.C. § 1983 and no other claims. (ECF No. 1.) Plaintiff's First Amended Complaint (ECF No. 16), though it has not yet been screened, appears to similarly assert only federal question claims pursuant to 28 U.S.C. § 1983.

4

However, Plaintiff fails to identify any legal authority in support of this argument or the relief he seeks. For this reason as well, the motion must be DENIED.

### IV. CONCLUSION

Plaintiff has failed to articulate new facts or circumstances to satisfy the requirements set forth under Local Rule 230(j) or justify granting a motion for reconsideration under Rule 60. Further, Plaintiff's arguments lack any legal basis. For the reasons discussed herein, Plaintiff's Motion for Reconsideration (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated: February 3, 2020

Troy L. Nunley
United States District Judge