UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | No. 2:17-cv-1429 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| M. KALIL, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' motion to dismiss for failure to state a claim. ECF No. 38. Plaintiff opposes the motion, ECF No. 39, and Defendants have filed a reply, ECF No. 40.

I.   Plaintiff's Allegations

The First Amended Complaint alleges that between October 2016 and March 2017, Defendants Khalil and Hamad, both librarians, received at least six requests from Plaintiff seeking access to the law library, but they allowed other inmates to decide which inmates would be given access. ECF No. 16 at 3. The inmates deciding who to allow into the law library were Asian and Hispanic, and they only granted access to other Asians and Hispanics, resulting in Plaintiff being excluded because he is Black. Id. Although Plaintiff did eventually get access to the law library, it was after his statutory deadlines had passed, causing him to be unable to file a

petition for review in the California Supreme Court related to a Pitchess motion[1] in his criminal case and preventing him from pursuing a habeas petition alleging violations under Brady v. Maryland, 373 U.S. 83 (1963). Id. at 3-4. Additionally, Plaintiff was unable to request resentencing under Proposition 47, for which he was eligible, because Defendants failed to provide him with the forms and supplies required to do so. Id. He seeks injunctive relief in addition to nominal, compensatory, and punitive damages. Id. at 5.

II.  Motion to Dismiss

Defendants move to dismiss the complaint as a whole for failure to state a claim and the request for injunctive relief for lack of jurisdiction. Plaintiff opposes the motion on the ground that he has alleged sufficient facts at the pleading stage.

A.  Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

////

---

[1] "A Pitchess motion is the procedural method established in Pitchess v. Superior Court, 11 Cal. 3d 531 (1974), and later codified by California Penal Code §§ 832.7 and 832.8 and California Evidence Code §§ 1043-1045, that allows for discovery of otherwise privileged personnel records in California." Cejas v. Brown, No. 18-cv-0543 WQH JLB, 2019 WL 3220154, at *3, 2019 U.S. Dist. LEXIS 119205, at *6-7 (S.D. Cal. July 17, 2019) (citations omitted).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Tr. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citations omitted), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). While pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted), the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

### B. Plaintiff's Substantive Claims

At issue on the present motion are the Equal Protection and access to courts claims brought against Defendants Khalil and Hamad. ECF No. 38 at 4-5. The undersigned previously screened the complaint pursuant to 28 U.S.C. § 1915A, and found these claims adequate to proceed. ECF No. 23. For the reasons explained below, the undersigned reaffirms the previous determination that Plaintiff's allegations are sufficient to state a claim, and accordingly recommends that the instant motion be denied as to Plaintiff's substantive claims.

#### 1. Equal Protection Clause

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

With respect to Plaintiff's Equal Protection Clause claim, Defendants argue that Plaintiff has failed to establish that they participated in, directed, or knew of the inmates' discriminatory actions regarding law library access. ECF No. 38 at 4-5. In response, Plaintiff asserts that

Defendants are responsible for issuing the passes for law library access, verifying whether inmates have open cases, receiving law library access requests, and forwarding the approval or denial of the requests back to the requesting inmates, making Khalil and Hamad directly involved in the alleged Equal Protection violations. ECF No. 39 at 2. Defendants reply that Plaintiff has alleged additional facts not contained in the complaint, but still fails to state a claim. ECF No. 40 at 2. However, Defendants overlook some of the facts alleged in the complaint and the principle that "[f]actual allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor," Barret v. Belleque, 544 F.3d 1060, 1061 (9th Cir. 2008) (citing Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007)).

In the first amended complaint, Defendants are alleged to be the first individuals to review access requests from inmates. ECF No. 16 at 3. Plaintiff specifically asserts that Defendants received at least six requests from him seeking access to the law library, id., and it can therefore be inferred that these requests would have been received and evaluated by Defendants before any action by the inmates working in the library; this interpretation is confirmed by Plaintiff's opposition, ECF No. 39 at 2. Furthermore, given that the library clerks were inmates, it is reasonable to infer that Defendants exercised a greater supervisory role over them and would not have allowed the inmates to run the library without oversight, and therefore would have been present in the library and seen who was being granted access. The facts, supported by reasonable inferences, demonstrate that Defendants were involved in the process of selecting who received access to the library and that they were aware of not only the requests being submitted, but also which requests were granted. Considered together with Plaintiff's allegation that Defendants allowed inmates to determine access based on race, which implies awareness of the inmates' discriminatory actions, Plaintiff has sufficiently alleged that Defendants had actual knowledge of the inmates' practice of providing access based on race and failed to intervene.

The allegations of the complaint, coupled with all permissible and reasonable inferences, state enough facts for the court to find that Plaintiff has stated valid Fourteenth Amendment claims and the motion to dismiss as to these claims should be denied.

////

2.       Access to the Court

Inmates have a "fundamental constitutional right of access to the courts." Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354 (citations omitted).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).  To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 U.S. at 351.  In other words, he must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Harbury, 536 U.S. at 415 (citing Lewis, 518 U.S. at 353 & n.3).  A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Additionally, to properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Harbury, 536 U.S. at 417-18 (footnote omitted).

Defendants argue that Plaintiff has failed to sufficiently allege a specific injury as a result of his inability to access the law library. ECF No. 38 at 5.  Specifically, they assert that Plaintiff has failed to identify the cases and dates of missed deadlines necessary to establish an injury and that he has not identified the forms Defendants denied him. Id.  In opposition, Plaintiff asserts that his access to courts claim is sufficient under the standard outlined in Rule 8 of the Federal Rules of Civil Procedure, which only requires that he "put defendants on notice of the claims brought ag[ai]nst them and a timeline of the alleged violation of the civil right." ECF No. 39 at 3.  Plaintiff also argues that the additional information can be obtained during discovery. Id.

Defendants argue for a level of factual detail that is not required by the rules of pleading.  Plaintiff does not need to include specific dates or case numbers in order for the court to find

sufficient allegations of an injury, see Twombly, 550 U.S. at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" (citations omitted)), and Plaintiff has provided sufficient information at the pleading stage. In regard to the Pitchess motion, he alleges that he was in possession of evidence of misconduct that would have supported his request for judicial review of two officers' files, indicating that his motion would not have been clearly frivolous, and that because he was unable to file the motion, he did not have the opportunity to obtain additional information necessary to support a habeas petition. ECF No. 16 at 4. Additionally, Plaintiff alleges that he was not provided the forms, writing supplies, or copier access necessary to request resentencing under Proposition 47. Id. His claim that he was eligible to receive resentencing but was prevented from filing the necessary paperwork is sufficient to demonstrate a nonfrivolous claim. Although Plaintiff does not name the specific form, the court can infer based on the allegations that the procedures required under Proposition 47 or by the state courts necessitated specific paperwork that Plaintiff was denied—and even if not, that Plaintiff did not have access to a pen or paper with which to otherwise attempt to seek relief.

Even without the specific identifying information Defendants claim is lacking, Plaintiff has provided sufficient information about the actions he was unable to take without access to the library and the resulting injury. Given that pro se inmates are held to a less rigorous pleading standard, Plaintiff has sufficiently alleged an actual injury as a result of his lack of law library access.

### C.     Request for Injunctive Relief

Plaintiff has requested injunctive relief in the form of an order requiring the Folsom State Prison appeals coordinator to process his appeal at the second level and "to make the third level review it" in order to provide him with an exhausted appeal. ECF No. 16 at 5. Defendants assert that this court lacks jurisdiction to provide the injunctive relief requested. ECF No. 38 at 5. Plaintiff's opposition does not address or oppose Defendants' argument regarding the request for injunctive relief.

A district court has no authority to grant relief in the form of an injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999).

Plaintiff seeks relief based on the conduct of non-defendants, whose future conduct he seeks to enjoin.  However, because they are not defendants, the court does not have jurisdiction over the appeals coordinator or third-level reviewer unless Plaintiff provides facts showing that they are Defendants' agents or are acting "in active concert or participation" with Defendants, Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969), which he has not done.  Accordingly, Plaintiff's request for injunctive relief must be dismissed, but the requests for nominal, compensatory, and punitive damages remain.

II.     Conclusion

For the reasons set forth above, Plaintiff has adequately alleged Equal Protection and access to courts claims, and the motion to dismiss should be denied as to those substantive claims. Because the court lacks jurisdiction to provide the requested injunctive relief, however, the motion should be granted as to Plaintiff's request for an injunction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants motion to dismiss, ECF No. 38, be GRANTED IN PART AND DENIED IN PART as follows:

   a.  GRANTED as to Plaintiff's request for injunctive relief, and

   b.  DENIED in all other respects.

2.  If these findings and recommendations are adopted by the District Judge, Defendants be directed to file an answer to the amended complaint within twenty-one days of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE