UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | No.  2:17-cv-1429 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. KALIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed October 22, 2021, plaintiff was given the opportunity to file either an opposition to defendants' motion for summary judgment, in which case discovery would be stayed, or a motion to compel, in which case briefing on the motion for summary judgment would be stayed.  ECF No. 56.  Plaintiff has now filed a document styled as an "emergency notice," in which he states that he is concerned his case will be dismissed if he is not appointed counsel and accuses defendants of using delay tactics to deprive him of discovery necessary to defend against both exhaustion and merit-based summary-judgment motions.  ECF No. 57.  Plaintiff has also filed a motion for sanctions and to compel.  ECF No. 58.

To the extent plaintiff is seeking appointment of counsel, that request will be denied.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

1

1  298 (1989).  In certain exceptional circumstances, the district court may request the voluntary
2  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
3  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4  "When determining whether 'exceptional circumstances' exist, a court must consider 'the
5  likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims
6  *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,
7  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden
8  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to
9  most prisoners, such as lack of legal education and limited law library access, do not establish
10 exceptional circumstances that would warrant a request for voluntary assistance of counsel.

11 Plaintiff's concern that his case will be dismissed if he is not appointed counsel is one
12 shared by most prisoner-plaintiffs and does not provide grounds for appointing counsel.
13 Furthermore, though he expresses concerns about his ability to obtain discovery, in granting
14 defendants' motion to stay discovery, the undersigned made an explicit exception for motions to
15 compel responses to discovery related to plaintiff's exhaustion of his administrative remedies.
16 ECF No. 51 at 2.  It was further provided that if defendants' motion for summary judgment was
17 denied, plaintiff would be given an opportunity to renew his motion to compel with respect to
18 merit-based discovery requests.  Id.  Plaintiff has therefore failed to demonstrate that
19 extraordinary circumstances exist that warrant the appointment of counsel.

20 With respect to plaintiff's request for sanctions and to compel, he states that the
21 regulations he received, as well as the operational procedures and Department Operations Manual
22 sections, were related to law library access, not to the appeals process.  ECF No. 58 at 1-2.  He
23 also states that Interrogatories 6, 7, 10, 11, 13, 21, and 22 all related to exhaustion and are
24 therefore relevant to the motion for summary judgment, and that defendants' objections are
25 without merit.  Id. at 4.  The motion is accompanied by a copy of the requests and a letter from
26 defendants' counsel, which appears to be their response to the requests.  Id. at 9-10, 15-23.
27 Because plaintiff has filed a motion to compel, briefing on the motion for summary judgment will
28 be stayed, and defendants shall file a response to the motion for sanction and to compel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 57, is DENIED.
2. Within twenty-one days of the filing of this order, defendants shall file a response to plaintiff's motion for sanctions and to compel. Plaintiff may file a reply within fourteen days of service of the response.

DATED: November 1, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE