UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | No. 2:17-cv-1429 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. KALIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

On August 27, 2021, defendants filed a motion for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies and a motion to stay discovery. ECF Nos. 49, 50. The motion to stay discovery was granted, except to the extent that plaintiff could seek to compel responses to discovery related to the exhaustion of his administrative remedies. ECF No. 51. Plaintiff ultimately filed a motion to compel and for sanctions in which he stated he was seeking to compel responses to Interrogatories 6, 7, 10, 11, 13, 21, and 22, which related to exhaustion. ECF No. 58. As a result, briefing on the motion for summary judgment was stayed and defendants were ordered to respond to the motion to compel. ECF No. 60. Plaintiff then filed a second motion to compel and for sanctions in which he stated that he was also seeking responses from defendant Khalil to Requests for Admissions 5 and 21 and Interrogatories 6, 7,

1

10, 11, 13, and 19 and responses from defendant Hamad to Interrogatories 8 and 9 and Requests for Production 1, 2, and 11.[1]  ECF No. 61.  Defendants opposed plaintiff's first motion to compel, but did not address the second motion.  ECF No. 62.

In leaving open the ability to pursue discovery related to exhaustion, the court advised plaintiff that if he sought to file a motion to compel responses to discovery, he would be limited to discovery requests that "were related to exhaustion, are necessary for plaintiff to defend against the motion for summary judgment, **and** have not been satisfied by the exhibits to the motion for summary judgment."  ECF No. 51 at 2; see also ECF No. 56 at 2.  As more fully discussed below, while it appears that the discovery requests at issue on plaintiff's motion all relate at least tangentially to the administrative remedies process, all but one fail to satisfy at least one of the other two requirements.

**Interrogatory 6** (to both defendants and to Khalil separately as Interrogatory 6): "State the names, titles, and duties of all staff members at CSP-SAC who have responsibility for responding to, investigating or deciding prisoner grievances."[2]  ECF No. 58 at 17; ECF No. 61 at 23-24.

Plaintiff argues that he requires this information because his appeals were often intercepted and screened-out by individuals not listed as appeals coordinators on the screen-out forms, which demonstrates that unauthorized individuals were denying his requests.  ECF No. 61 at 6-7.  This request is both overbroad in terms of scope and unnecessary to defend against defendants' summary judgment motion.  Plaintiff does not require this information to argue that an appeal was screened out for an improper reason or to argue that the person screening out the appeal was not authorized to do so because they were not identified as an appeals coordinator.

**Interrogatory 7** (to both defendants and to Khalil separately as Interrogatory 7): "State the procedure in effect during June to December of the year 2016 and January to April of the year 2017 at CSP-Sac for responding to, investigating, and deciding prisoners' grievances."  ECF No. 58 at 17; ECF No. 61 at 24.

---

[1] The majority of these requests overlap with requests identified in the first motion to compel.
[2] In reproducing the requests, spelling, punctuation, and capitalization errors have been corrected.

1    Plaintiff argues that he requires a response to this request in order to challenge defendants'
2    argument that he was required to file separate appeals. ECF No. 61 at 7-8. However, the scope
3    of the request does not appear to encompass the information plaintiff seeks, and plaintiff has
4    already been provided copies of the regulations in effect at the relevant time. ECF No. 58 at 9.
5    Furthermore, a summary of the various stages of the appeals process, including next steps when
6    an appeal was cancelled or rejected, is included in the declaration of D. Contreras that was
7    provided in support of defendants' motion for summary judgment. ECF No. 49-6

8    **Interrogatory 10** (to both defendants and to Khalil separately as Interrogatory 10): "In
9    the years of 2016 and 2017 were the 22 Forms part of the available administrative remedy at
10   CSP-SAC?" ECF No. 58 at 18; ECF No. 61 at 26.

11   Plaintiff argues that he requires this information because he believes that the CDCR Form
12   22 was an informal appeal required to be exhausted prior to submitting a formal appeal. ECF No.
13   61 at 2, 8. However, defendants' motion for summary judgment includes a copy of the
14   regulations in place at the relevant time that includes a section addressing the purpose of the
15   CDCR Form 22. ECF No. 49-7 at 13.

16   **Interrogatory 11** (to both defendants and to Khalil separately as Interrogatory 11):
17   "While at CSP-SAC how many appeals were received by the appeal coordinators that were
18   submitted by Christopher Lipsey? Please provide each one, including the CDC 695 attachments
19   to each one if available." ECF No. 58 at 18; ECF No. 61 at 26.

20   Plaintiff argues that he requires a response to show inconsistencies with defendants'
21   assertion, presumably in the motion for summary judgment, that he submitted only five appeals.
22   ECF No. 61 at 8-9. Defendants collectively objected to the combined interrogatory and request
23   for production largely on the ground that it was in an impermissible format,[3] ECF No. 62-1 at 12-

---

[3] The court notes that defendants' objections regarding the form of plaintiff's requests (i.e., using one request for two forms of discovery and addressing the request to multiple defendants), while technically appropriate, are not looked upon with favor given plaintiff's status as a pro se prisoner. The requests were readily amenable to construction as identical requests to each defendant, and were easily separated out into interrogatories and requests for production. Nevertheless, the issue is moot since it appears plaintiff later submitted amended requests addressed to each defendant separately and separated by the form of discovery sought.

13, and Khalil objected to the individually addressed request on the ground that he is medically incapacitated and therefore unable to verify interrogatory responses and on the ground that the request was not relevant or proportional to a claim or defense, ECF No. 61 at 27.

In support of their motion for summary judgment, defendants have provided the declaration of the CSP-SAC grievance coordinator, D. Contreras, which identifies twenty-three grievances submitted by plaintiff while housed at CSP-SAC, including seven which had some relation to the law library, ECF No. 49-6 at 3, and provided copies as exhibits, ECF No. 49-7. It is unclear how defendants, who were both identified in the amended complaint as law librarians, ECF No. 16 at 2, would have more complete records regarding plaintiff's appeals than the grievance coordinator. It therefore appears that the exhibits to the motion for summary judgment have responded to this request as fully as defendants are able. Moreover, plaintiff is free to argue and submit evidence that he pursued more than the grievances defendants have identified regardless of their response to this request.

**Interrogatory 13** (to both defendants): "How many forms were received by Khalil that were sent from Christopher Lipsey pertaining to law library or legal materials? Please provide each one." ECF No. 58 at 19.

Though identified as a request in dispute in plaintiff's first motion to compel, neither motion separately addresses the relevance of this interrogatory. On its face, the request is overly broad and does not obviously relate to plaintiff's exhaustion of administrative remedies. Therefore no response will be required at this time.

**Interrogatory 13** (to Khalil separately): "What is a U Save EM envelope?" ECF No. 61 at 28.

Plaintiff argues that this request relates to exhaustion because "it was a type of envelope used to secure appeals and ensure it is only circulated within the institution." Id. at 9. It appears that plaintiff is already capable of testifying as to what a U Save EM envelope is and does not require a response to this request in order to oppose the motion for summary judgment.

////

////

  **Interrogatory 21** (to both defendants):[4] "Mr. Khalil and Mr. Hamad have either of you ever had an appeal (602) filed against you for anything by a prisoner since working in CDCR, and a complaint filed against either of you by a CDCR staff member or prisoner family member? If so, please provide how many and a copy of each appeal and/or complaint(s) with only the names, CDCR numbers, phone numbers or address redacted. You may also redact any name(s) within the appeal(s) and/or complaint(s) of witness(es) that may jeopardize the safety and security of the institution or the informant(s) if necessary." ECF No. 58 at 21.

  Plaintiff argues that a response is necessary to establish that he and his witness had put CSP-SAC on notice as to the misconduct at issue and that they both had their appeals circumvented or lost. ECF No. 61 at 5, 9. However, whether either defendant has ever had an appeal filed against them during their time working for the CDCR is irrelevant to whether plaintiff exhausted his administrative remedies with relation to the issues currently before the court. A response to this request is also unnecessary for plaintiff to provide evidence to support his apparent claim that the appeals process was not available because appeals went missing.

  **Interrogatory 22** (to both defendants and to Hamad separately as Interrogatory 9): "Mr. Hamad are you aware that California Code of Regulations (CCR) Title 15 Sections 3084 through, up to 3086; Chapter 1 Article 8 was repealed and an emergency notice of change of regulations pertaining to appeals was issued to each prison recently? Please provide said complete emergency notice of change of regulations pertaining to appeals. Copy of <u>entire</u> DOM too." ECF No. 58 at 22; ECF No. 61 at 21.

  Plaintiff argues that he requires a response to this request to prove that the appeals process in place at the time relevant to this case was changed because it was not sufficient. ECF No. 61 at 5-6. However, the current procedures are not relevant to the procedures in place at the time plaintiff was attempting to complete the appeals process, and the fact that the procedures were changed, without more, does not prove the previous process was deficient.

---

[4] This request was also divided into a separate interrogatory to each defendant (Interrogatory 8 to Hamad and Interrogatory 19 to Khalil) and a separate request for production to Hamad (Request for Production 1). ECF No. 61 at 21, 29, 31.

**Request for Admission 5** (to Khalil): "Mr. Khalil do you admit that if a prisoner filled out a CDCR 22 form and handed it to an officer at CSP-SAC who signed it and put it in his mail bag it is presumed to have reached the place within CSP-SAC it was addressed to?" ECF No. 61 at 17.

Plaintiff argues that the response to this question is necessary to challenge defendants' claim that an administrative remedy was available because he has proof of submitting a CDCR Form 22 for an appeal that defendants claim does not exist. Id. at 2-3. This request does not fall within the limited exception to the stay on discovery. Plaintiff does not require a response to this admission in order to submit evidence challenging the completeness of defendants' records or to argue that an administrative remedy was not available because his forms did not reach their destination.

**Request for Admission 21** (to Khalil): "Mr. Khalil do you admit that courts such as Brady v. Attygala (C.D. Cal. 2002) 196 F. Supp. 2d 1106, 1134-1135 and Gomez v. Winslow (N.D. Cal. 2001) 177 F. Supp. 2d 977, 984-985 have found a prisoner is not obligated to pursue the appeal through the third level where their request is granted at either the first or second level?" ECF No. 61 at 19.

Defendant Khalil properly objected to this request on the ground that it seeks a legal conclusion. Id. Although Federal Rule of Civil Procedure 36 allows requests for admissions relating to "the application of law to fact," Fed. R. Civ. P. 36(a)(1)(A), plaintiff has not sought an admission relating to the application of law to the facts of his case but instead seeks an admission as to a general legal conclusion. Plaintiff is free to cite these cases and present any related arguments regarding his obligation to pursue relief to the third level in his opposition to the motion for summary judgment.

**Request for Production 2** (to Hamad): "Produce all CDC 695 forms and all appeals (602's) that were screened out." ECF No. 61 at 31.

Although plaintiff argues he requires these documents, he fails to address the fact that Hamad's response directed him to documents attached to the motion for summary judgment. Id.

////

6

at 10-11, 31. Plaintiff is free to submit evidence that he submitted more appeals than the records relied upon by defendants indicate.

**Request for Production 11** (to Hamad): "Produce a copy of CSP-SAC <u>entire</u> Operational Procedure (OP) on appeals/602s/grievances." ECF No. 61 at 33.

Plaintiff argues that he requires a copy of the Operational Procedure and Department Operations Manual because neither is readily available to inmates, and both contain additional rules regarding the appeals process not found in the regulations. <u>Id.</u> at 11-14. In response to the request, Hamad objected that it was "vague and ambiguous as to the phrase '<u>entire</u> operation(al) procedure" and directed plaintiff to the copies of the regulations that had previously been provided. <u>Id.</u> at 33. This request is clearly seeking policies related to the appeals process, which are relevant to defendants' motion for summary judgment. Defendant Hamad will therefore be required to provide plaintiff with copies of the appeals section of the Department Operations Manual and any other policies controlling the appeals process at CSP-SAC that were in effect from October 2016 through the filing of the first amended complaint. Defendant need not produce another copy of the relevant regulations.

With the exception of requiring defendant Hamad to provide plaintiff with copies of the portion of the Department Operations Manual and any other policies that relate to appeals, plaintiff's motions to compel will be denied for the reasons set forth above. His requests for sanctions will also be denied because he has not demonstrated that defendants engaged in sanctionable conduct. Briefing on the motion for summary judgment shall resume. Although plaintiff filed an opposition to the motion for summary judgment shortly after filing his first motion to compel, the opposition states that it is intended as "a protective opposition in an abundance of caution" in the event the court did not stay briefing on the motion for summary judgment. ECF No. 59 at 1. Because the opposition may not be complete, plaintiff will be afforded an opportunity to file an optional supplemental opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to compel and for sanctions, ECF No. 58, is DENIED.
2. Plaintiff's second motion to compel and for sanctions, ECF No. 61, is GRANTED IN

PART and DENIED IN PART.  The motion is GRANTED in part as to Request for Production No. 11.  Within ten days of the filing of this order, defendant Hamad shall provide plaintiff with copies of the appeals section of the Department Operations Manual and any other policies controlling the appeals process at CSP-SAC that were in effect from October 2016 through the filing of the first amended complaint.  The motion is otherwise DENIED.

3. Within thirty days of the service this order, plaintiff may file a supplemental opposition to defendants' motion for summary judgment.  Defendants may file a reply within seven days after the opposition has been filed in CM/ECF or within seven days of the expiration of the deadline for filing a reply, whichever is later.

DATED: February 11, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE